UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MORRISON, | No. C 08-5329 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Anthony Morrison, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Morrison states in his petition that he is serving a sentence of two terms of 7 years to life in prison as a result of a 1983 conviction in San Bernardino County Superior Court for kidnapping for robbery, rape, oral copulation and sodomy in concert. His petition does not challenge his conviction but instead challenges an August 9, 2006 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Morrison apparently filed an unsuccessful habeas petition in the California Supreme Court before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner alleges in his petition that the BPH's decision violated his federal right to due process because it was not supported by sufficient evidence. Liberally construed, this claim is cognizable in a federal habeas action.

Petitioner also contends that the failure to set his term amounts to cruel and unusual punishment under the Eighth Amendment. This claim will be summarily dismissed, as there is no Eighth Amendment right to have a term set by a parole board. To the extent petitioner wants to challenge the life-maximum term imposed in the San Bernardino County Superior Court in 1983, he should file a petition in the Central District of California.

Petitioner also contends that he received ineffective assistance of counsel at the parole suitability hearing. This claim is not patently frivolous and warrants a response.

The court is aware that a decision in particular case pending in the Ninth Circuit may provide guidance for the consideration of the petition. In Hayward v. Marshall, 9th Cir. Case No. 06-55392, the panel's published decision, 512 F.3d 536 (9th Cir. 2008), was vacated when rehearing en banc was granted on May 16, 2008. The en banc oral argument took place on June 24, 2008, and the parties have finished their original briefing, as well as two supplemental rounds of briefing. There is no set date for a decision in the Hayward, however. Respondent should not to seek a stay of this action pending a decision in Hayward.

See Yong v. INS, 208 F.3d 1116, 1120-22 (9th Cir. 2000) (it is an abuse of discretion for a district court to stay a habeas petition indefinitely pending resolution of a different case involving parallel issues on the basis of judicial economy).  As an alternative to a stay, the court will be receptive to a reasonable request for an extension of time if a decision in Hayward is not issued by 30 days before the date respondent's brief is due.

**CONCLUSION**

For the foregoing reasons,

1. The petition's federal claims warrant a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 26, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 31, 2009**.  Petitioner's traverse may not exceed 25 pages in length.

5. Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

/ / /

/ / /

/ / /

6.  Petitioner's <u>in forma pauperis</u> application is DENIED because he has sufficient funds to pay the $5.00 filing fee. (Docket # 8.) Petitioner must pay the $5.00 filing fee no later than March 31, 2009, or this action will be dismissed.

IT IS SO ORDERED.

DATED: February 13, 2009

_____
Marilyn Hall Patel
United States District Judge